**Younoussa DIALLO, Petitioner,**

v.

**Michael B. MUKASEY, Respondent.**

**No. 08–0417–ag.**

United States Court of Appeals, Second Circuit.

Sept. 2, 2008.

Gary J. Yerman, New York, NY, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General, Civil Division; Anthony C. Payne, Senior Litigation Counsel; Ali Manuchehry, Trial Attorney, U.S. Department of Justice, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. JON O. NEWMAN, and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

. Petitioner Younoussa Diallo, a native and citizen of Guinea, seeks review of a December 28, 2007 order of the BIA affirming the September 18, 2006 decision of

Immigration Judge ("IJ") Javier Balasquide denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Younoussa Diallo*, No. A 97 969 915 (B.I.A. Dec. 28, 2007), *aff'g* No. A 97 969 915 (Immig. Ct. N.Y. City Sept. 18, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales*, 424 F.3d 122, 124 (2d Cir.2005). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Shu Wen Sun v. BIA*, 510 F.3d 377, 379 (2d Cir. 2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005).

We conclude that substantial evidence supports the agency's adverse credibility determination. The IJ accurately observed that while Diallo initially testified that he saw his parents when he was released from detention on August 25, 2000, he later testified that he did not see them again after the demonstration on June 25, 2000. The agency appropriately rejected Diallo's explanation that he did not recall saying that he ever saw his parents and that he "made a mistake." *See Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir. 2005) (emphasizing that the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable factfinder to do so). Thus, because this inconsistency was material to the circumstances surrounding Diallo's release from

detention, it properly supported the agency's adverse credibility determination. *See Secaida–Rosales v. INS*, 331 F.3d 297, 308 (2d Cir.2003).

The IJ also properly based his adverse credibility finding on several inconsistencies between Diallo's testimony and written application. For instance, although Diallo testified that he was sixteen years old at the time he was arrested in July 2000, his application indicated that he would have been approximately fourteen years old. Similarly, although Diallo testified that his mother's name was Oumouhawa Diallo and his father's name was Elijah Koraku Diallo, the Union pour le progres et du Renouveau ("UPR") certificate that he submitted into evidence indicated that their names were Binta Barry and El Hadj Mamadou Aliou Diallo, respectively. Likewise, although both of Diallo's asylum applications, as well as his UPR membership card, indicated that his last residence in Guinea was in "Bellevue," he testified that this information was not accurate. Finally, the IJ pointed out that while Diallo testified that his only brother's name was Mamadou Dian Diallo and that he did not know whether his brother had been arrested or killed, he stated in his application that his brother's name was Ibrahima Diallo and that he was in jail in Guinea. While Diallo offered explanations for these inconsistencies, the agency was not required to credit them. *See Majidi*, 430 F.3d at 80–81. Weighed together, the agency appropriately deemed these inconsistencies consequential. *See Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir.2006). Thus, they adequately substantiated the agency's adverse credibility determination.

Moreover, the IJ reasonably declined to give weight to Diallo's UPR membership card, taking into account his testimony that he did not obtain the card directly from the party. Rather, Diallo claimed that the individual who had arranged for

**410**

his travel to the United States procured the card from Diallo's brother, and then affixed Diallo's photograph onto the card himself. Under these circumstances, the IJ reasonably gave no weight to it. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341–42 (2d Cir.2006) (holding that the weight afforded to documentary evidence " 'lies largely' within the discretion of the IJ"). Furthermore, in light of the questionable nature of the card, the IJ was "free to deem suspect other documents" and to disbelieve other testimony. *See Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir.2007).

Given that substantial evidence supported the agency's adverse credibility determination, its denial of Diallo's applications for asylum, withholding of removal, and CAT relief was proper because each claim rested on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.